# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| TERRIE HOLSCHER, <br><br> Plaintiff, <br><br> vs. <br><br> KEN HESS and LORI HESS, <br><br> Defendants. | Cause No. CV-19-50-BU-BMM-KLD <br><br><br> ORDER |

Plaintiff Terrie Holscher ("Holscher") filed a motion for a preliminary injunction. (Doc. 7.) Holscher asks the Court to enjoin "Defendant landlords from interfering with Plaintiffs ability to effectively utilize the leased premises (Unit C) without interference or molestation by Defendants." (*Id.* at 10.) Holscher also requests "a non-molestation order to maintain the status quo, allowing Plaintiff to occupy the leased premises during the pendency of this case until the final trial on the merits." (*Id.*)

The purpose of a preliminary injunction is to preserve the status quo and prevent the "irreparable loss of rights" before a final judgment on the merits. *Textile Unlimited, Inc. v. A. BMH and Co.*, 240 F.3d 781, 786 (9th Cir. 2001). A preliminary injunction is an extraordinary remedy and should not be awarded as a

matter of right, but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

The Court may deny a motion for a preliminary injunction without first holding a hearing on the merits when "the record demonstrates a lack of right to relief." *Bors v. Allen*, 607 F. Supp. 2d 204, 207 n.2 (D.D.C. 2009); *see also Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010); *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); Fed. R. Civ. P. 65 (requiring an expedited hearing only if the Court grants the motion for a preliminary injunction). It is not necessary for the Court to hold a hearing on the merits of Holscher's motion because the record demonstrates a lack of right to relief.

Holscher rents a storage unit from the Defendants. (Doc. 1 at 1.) Holscher stores food products in the storage unit. (*Id.* at 2.) Holscher alleges in her Complaint that the Defendants intruded and/or invaded the storage unit, tampered with the food products, and damaged equipment. (*Id.*) Plaintiff's claims for relief are as follows: (1) "violation of contractual lease agreement (denial of plaintiff's right to manage and control food product safety of her food products)"; and

(2) "fraudulent scheme by defendants with accompanying mail fraud." (*Id.* at 7-8.) The Defendants filed a motion to dismiss for lack of jurisdiction. (Docs. 5 & 6.) That motion is currently pending before United States Magistrate Judge Kathleen DeSoto. (Doc. 5.)

Holscher's motion for a preliminary injunction fails because she has not established that she is likely to succeed on the merits. There appear to be multiple problematic threshold issues, including the amount in controversy and diversity of citizenship. (Doc. 6 at 6-7.) Holscher has not shown a likelihood of success on the merits and the circumstances do not otherwise warrant a preliminary injunction. Holscher remains free to seek emergency relief if the need arises once she has addressed the deficiencies identified above, including amended pleadings or material produced during discovery that satisfy the amount in controversy and diversity of citizenship requirements of 28 U.S.C. § 1332(a), to demonstrate that the Court possesses jurisdiction to hear this dispute.

Accordingly, **IT IS ORDERED** that Holscher's Motion for a Preliminary Injunction (Doc. 7) is **DENIED**.

DATED this 29th day of October, 2019.

Brian Morris
United States District Court Judge

3