IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TERRIE HOLSCHER, | CV 19-50-BU-BMM-KLD |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION |
| KEN HESS and LORI HESS, in their individual capacities as co-landlords & owners of d/b/a/ Glacier Mountain Rentals, | |
| Defendants. | |

Defendants Ken Hess and Lori Hess move to dismiss pro se Plaintiff Terrie Holscher's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, Defendants' motion should be granted and this matter should be dismissed.

## I.  Background[1]

On October 8, 2019, Holscher filed a Complaint for Declaratory and Injunctive relief, naming Ken Hess and Lori Hess as defendants. Holscher asserts

---

1 Consistent with the standards applicable to a Rule 12(b)(1) facial attack on subject matter jurisdiction and a Rule 12(b)6) motion to dismiss for failure to state a claim, the following facts are taken from the Complaint and attached exhibits, the authenticity of which is not disputed.

federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C.
§ 1332 and the presence of a federal question under 28 U.S.C. § 1331. (Doc. 1 at
¶ 2).

Defendants reside in Bozeman, Montana and own a storage facility located
there. In August 2018, Defendants entered into a Commercial Lease Agreement
whereby they leased one of the storage units at their facility to MRPR, LLC, a
Wyoming limited liability company. (Doc. 1-1). Holscher is MRPR's
representative, and also resides in Bozeman, Montana. Holscher uses the storage
unit leased by MRPR to store food product inventory and equipment.

Holscher alleges that Defendants have "continuously disrupted and
intruded" on the storage unit without giving her notice or obtaining her consent,
and have interfered with her "ability to maintain food security, food product safety,
management & control." (Doc. 1 at ¶ 1). She accuses Defendants of bringing
"unauthorized persons onto the premises in violation of the lease, causing total
disruption and tampering with [her] food product inventory." (Doc. 1 at ¶ 1).

Holscher's Complaint identifies two claims for relief: (1) "Violation of
Contractual Lease Agreement [Denial of Plaintiff's Right to Manage and Control
Food Product Safety of her Food Products]" and (2) "Fraudulent Scheme by
Defendants with Accompanying Mail Fraud." (Doc. 1 at 7, 8). The first claim
alleges that Defendants breached the lease agreement by entering the storage unit

2

without giving her 24-hour notice and tampering with her food product inventory, resulting in more than $75,000 in damages. (Doc. 1 at 7). Holscher's second claim alleges that Defendants conspired with their attorney to commit mail fraud in violation of 18 U.S.C. § 1341 by sending her two "fraudulent" letters containing false misrepresentations. (Doc. 1 at 6, 8). Specifically, Holscher claims that in a letter dated July 25, 2019, Defendants' attorney falsely stated that Holscher had been served by certified mail with notice that Defendants did not intend to renew the commercial lease agreement. (Doc. 1 at ¶ 14; Doc. 1-2). Holscher alleges Defendants wrote a second fraudulent letter dated September 26, 2019, falsely stating that they were legally acting under the auspices of "Glacier Mountain Rentals, LLC," when in fact there is no such entity. (Doc. 1 at ¶ 6; Doc. 1-3).

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

## II.   <u>Legal Standards</u>

### A.   **Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake*

*Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

Here, Defendants bring a facial challenge by arguing the allegations in Plaintiff's Complaint are insufficient on their face to establish diversity or federal question subject matter jurisdiction. When considering such a facial challenge, the court takes the factual allegations in the complaint as true and construes them in the in the light most favorable to the plaintiff. *Wolfe,* 392 F.3d at 362. In addition to reviewing the allegations in the complaint, the court may also consider

documents attached to the complaint. See *Mir v. Mercury Ins. Group*, 2017 WL 8180593 *1 (C.D. Cal. July 18, 2017) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d. Cir. 2000)); *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).

### B.    Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations," a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 677-78.

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory,"

then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## III. <u>Discussion</u>

### A. **Subject Matter Jurisdiction**

Defendants move to dismiss for lack of subject matter jurisdiction on the ground that the allegations in the Complaint are insufficient on their face to establish diversity or federal question subject matter jurisdiction.

#### 1. <u>Diversity Jurisdiction</u>

For the Court to have subject matter jurisdiction based on diversity, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a).

As alleged in the Complaint, Holscher suffered more than $75,000 in damages as a result of Defendants' conduct in tampering with her food product inventory and equipment. (Doc. 1 at ¶ 2, 18). For present purposes, the Court assumes that the $75,000 amount in controversy requirement for diversity jurisdiction is satisfied.

With respect to diversity of citizenship, the Complaint alleges that Holscher and Defendants are all "residents" of Bozeman, Montana. (Doc. 1 at ¶ 4-5). Allegations of "residency" are insufficient to establish diversity jurisdiction, which requires diversity of "citizenship." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Nevertheless, because Holscher is proceeding pro se, the Court will liberally construe the Complaint as alleging citizenship.

But even liberally construed, these allegations are insufficient to establish complete diversity. Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). In other words, if any defendant is a citizen of the same state as the plaintiff, there is no diversity jurisdiction. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). As alleged in the Complaint, Holscher and both Defendants are citizens of Montana.

Because the Complaint alleges that all parties are citizens of the same state, complete diversity is lacking.

In response to Defendants' motion, Holscher argues there is diversity jurisdiction because the tenant named on the lease is MRPR, which is a Wyoming limited liability company. But MRPR is not a party to the case, which means its citizenship is not relevant for purposes of determining whether diversity jurisdiction exists. See 28 U.S.C. § 1332(a) (requiring diversity of citizenship between the "parties"). Holscher specifically alleges that she is the sole owner of the food product inventory at issue, and does not allege any claims or seek damages on behalf of MRPR. Even if Holscher had named MRPR as a plaintiff, she would not be permitted to litigate this matter on its behalf. See District of Montana Local Rule 83.6(b) (stating that any entity other than an individual, including a corporation, may appear only by an attorney); *Guifi Li v. A Perfect Day Franchise, Inc.*, 2012 WL 2236752, at *4 (N.D. Cal. June 15, 2012) ("[W]hile pro se litigants can represent themselves, they cannot represent corporations, companies or other artificial entities.").

Taking the allegations in the Complaint as true, Holscher and Defendants are all citizens of Montana, which means there is no diversity of citizenship as required for federal subject matter jurisdiction under 28 U.S.C. § 1332.

2.      <u>Federal Question Jurisdiction</u>

8

Holscher's Complaint also invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides for jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Holscher's second claim for relief alleges that Defendants violated the federal mail fraud statute, 18 U.S.C. § 1341, by sending her two letters containing false representations. (Doc. 1 at 6, 8). It is well settled, however, that 18 U.S.C. § 1341 does not provide a private right of action and cannot serve as a basis for federal question jurisdiction. See e.g. *Aaronson v. Kangarani*, 2019 WL 3490447, * 3 (D. Or. June 20, 2019) (citing *Ross v. Orange County Bar Ass'n.,* 369 F. Appx. 868, 869 (9th Cir. 2010); *Reynolds v. Wilkerson*, 2014 WL 4062771, *4 (N.D. Cal. Aug. 14, 2014).

In response to Defendants' motion to dismiss, Holscher argues she has also alleged a "federal tort claim of Food Tampering" under 18 U.S.C. § 1365. (Doc. 15 at 1). The Federal Anti-Tampering Act, 18 U.S.C. § 1365, is a criminal statute that prohibits tampering with any consumer product that affects interstate or foreign commerce. While Holscher refers to this statute in her response brief, she does not cite it as a basis for any claim alleged in the Complaint. Even if she had, 18 U.S.C. § 1365 is a criminal statute and does not expressly provide for a private right of action. Where, as here, a "federal statute does not explicitly create a private right of

action, a plaintiff can maintain suit only if Congress intended to provide" an implied private right of action. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008). There is no indication that Congress intended to create an implied right of action under 18 U.S.C. § 1365.

Absent a private right of action, Holscher cannot rely on the federal criminal mail fraud or anti-tampering statutes as a basis for federal question jurisdiction. Although Holscher cannot bring a claim directly under these statutes, a violation of the mail fraud statute, 18 U.S.C. § 1341, may serve as a predicate act in support of a claim under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. To the extent the Complaint can be liberally construed as seeking relief under RICO, Holscher fails to state a claim for relief.

**B.     Failure to State a Claim**

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

To state a civil RICO claim, the plaintiff must sufficiently allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or

property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). A RICO claim based on mail fraud is subject to heightened pleading standards and must be alleged with particularity under Federal Rule of Civil Procedure 9(b). See *Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

   1.   <u>Racketeering Activity</u>

A "racketeering activity" is an act that is indictable as a criminal offense under certain enumerated federal statutes, including 18 U.S.C. § 1341, which criminalizes mail fraud. See 18 U.S.C. § 1961(1); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (citing *Schreiber Distributing Company v. Serv-Well Furniture Company, Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). To allege a violation of the mail fraud statute, a plaintiff must show that "(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Miller*, 358 F.3d at 620 (citing *Schreiber*, 806 F.2d at 1400).

Here, the Complaint fails to articulate or allege an any "racketeering activity" as required to state a claim under RICO. The only discernable factual basis for Holscher's purported RICO claim is her allegation that Defendants

11

conspired with their attorney to send her a letter falsely stating that she had been served by certified mail with notice that the commercial lease for the storage unit would not be renewed, and a second letter misrepresenting that Defendants were acting under the auspices of a limited liability company. These factual allegations are insufficient to allege a predicate act of mail fraud as required to satisfy the "racketeering activity" element of a RICO claim.

2.    Pattern

Even assuming these two letters could be somehow be construed as "racketeering activity," Holscher does not allege facts demonstrating a "pattern" of racketeering activity as necessary to state a claim under RICO. A "pattern" of racketeering activity requires "at least two acts of racketeering activity" within ten years of each other, 18 U.S.C. § 1961(5), and a related "threat of continuing activity." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 746 (9th Cir. 2000). Holscher's allegation that Defendants sent her two "fraudulent" letters is not enough to demonstrate a threat of continuing racketeering activity as required to state a claim under RICO.

3.    Causation

Finally, even assuming Holscher had adequately alleged a pattern of racketeering activity, her RICO claim would still fail because she had not alleged facts showing that Defendants' racketeering activity was the cause of her injuries.

"[T]o state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of [the plaintiff's] injury, but was the proximate cause as well.'" *Hemi Group, LLC v. City of New* York, 559 U.S. 1, 9 (2010) (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 261 (1992)). When evaluating "a RICO claim for proximate causation, the central question [the court] must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Steel Supply Corp.*, 547 U.S. 451, 461 (2006)

Holscher claims that Defendants wrongfully entered the leased storage unit and tampered with her food product inventory, thereby causing her more than $75,000 in damages. Thus, as alleged in the Complaint, Holscher's damages are attributable to Defendants' conduct in tampering with her food product inventory rather than the predicate act of mail fraud. Holscher does not allege any facts demonstrating that the predicate act of mail fraud led directly to her claimed damages as required to state a claim under RICO.

### C.    Futility of Amendment

Although leave to amend is liberally granted, dismissal with prejudice is appropriate where amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). The Court concludes that the jurisdictional defects and pleading deficiencies set forth above cannot be cured by the allegation of additional facts.

**IV.** **Conclusion**

For the reasons explained above, the Court concludes that the Complaint does not provide a basis for diversity or federal question jurisdiction. Because it would be futile to permit Plaintiff to amend her Complaint in an attempt to cure the defects discussed above,

IT IS RECOMMENDED that Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief pursuant to Rule 12(b)(1) and (6) be GRANTED and this case be dismissed with prejudice.

DATED this 26th day of November, 2019.

Kathleen L. DeSoto
United States Magistrate Judge